## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIVIAN GARZA : | |
| 205 Summit Trace Road : | |
| Langhorne, PA 19047 : | |
| : | JURY DEMANDED |
| Plaintiff, : | |
| : | |
| v. : | |
| : | No. |
| NOSCO, INC. : | |
| 651 S. Martin Luther King Jr. Ave. : | |
| Waukengan, IL 60085 : | |
| : | |
| & : | |
| : | |
| RANDSTAD US, LLC : | |
| 3625 Cumberland Blvd., Suite 600 : | |
| Atlanta, GA 30339 : | |
| : | |
| Defendants. : | |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

    1.    Plaintiff, Vivian Garza, is an adult individual residing at the above address.

    2.    Defendant, NOSCO, Inc. (hereinafter "NOSCO") is a corporation, organized and existing under the laws of the Illinois, registered to do business in Pennsylvania and with a principal place of business at the 1504 Grundy Lane, Bristol, PA 19007.

    3.    Defendant, Randstad US, LLC (hereinafter "Randstad") is, upon information and belief, a limited liability company, organized and existing under the law of Delaware, registered to do business in Pennsylvania and with a corporate office at the above address.

4. At all times material hereto, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

5. At all times material hereto, Defendants acted as joint employers of Ms. Garza exercising interlocking control and supervision of her as an employee.

6. Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission).

7. This action is instituted pursuant to the Title VII of the Civil Rights Act of 1964 and applicable federal law.

8. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendants in the Eastern District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**II. Operative Facts.**

10. On or about July 22, 2019, Ms. Garza was an employee hired through Defendant, Randstad, to work at the Defendant, NOSCO's, plant as a Catcher on the Glue Line.

11. Ms. Garza was qualified for her position and performed all her duties for Defendants without complaint or issue.

12. In fact, on or about September 16, 2019, Ms. Garza's supervisor, Randy, told her that NOSCO desired to promote her to a Top-Quality Inspector.

13. On or about September 23, 2019, Ms. Garza learned that she was pregnant.

14. On or about September 23, 2019, Ms. Garza informed Randy that she was pregnant.

15. Ms. Garza was told by Randy that this was not a problem and she proactively attempted to obtain a doctor's note confirming that she could work around the chemicals in the facility.

16. On or about September 24, 2019, Ms. Garza reported to work, but was experiencing bad morning sickness.

17. Ms. Garza advised Randy that she was feeling ill and he sent her home. During this interaction, Randy also discussed the possibility of moving Ms. Garza to second shift, along with a promotion.

18. Later that day, Ms. Garza scheduled a doctor's appointment to verify that it was permissible to work around the chemicals in the plant and to obtain a doctor's note to that effect to provide to NOSCO.

19. That same day, Ms. Garza received communication from Randstad that stating that her employment with NOSCO had been terminated due to performance.

20. Ms. Garza requested documentation from Randstad as to why her contract was terminated and she was advised by Randstad that, "they couldn't give her that."

21. On or about October 1, 2019, Ms. Garza filed a complaint of pregnancy discrimination with NOSCO's Human Resources Department.

22. On or about October 14, 2019, Ms. Garza was contacted by Kerry Lennon of Randstad's Human Resources concerning her complaint.

23. On November 5, 2019, Ms. Garza provided an email to Ms. Lennon outlining the basis of her complaint.

24. On November 26, 2019, Ms. Lennon emailed Ms. Garza that she would continue to look into her concerns and provide an update as soon as possible.

25. On March 6, 2020, Ms. Joanie Orzo from Randstad's Human Resources called Ms. Garza to discuss her complaint.

26. During the call Ms. Orzo advised Ms. Garza that NOSCO had provided her verbal counseling in December of 2019 about her poor performance.

27. After the call, Ms. Garza wrote Ms. Orzo an email stating that she could not have received verbal counseling from NOSCO in December of 2019, because she was terminated in September of 2019.

28. Ms. Garza also advised Ms. Orzo that she was never contacted by Randstad about another assignment.

29. Ms. Orzo responded that Ms. Garza's employment with Randstad was not terminated, only her assignment with NOSCO.

30. Despite Ms. Orzo telling Ms. Garza this, Ms. Garza never received another assignment from Randstad, thereby terminating her employment.

31. Upon information and belief, NOSCO terminated Ms. Garza's employment because she was pregnant.

32. Upon information and belief, Randstad terminated Ms. Garza's employment because she was pregnant and engaged in protected activity by complaining about pregnancy discrimination.

33. As a direct and proximate result of Defendants' conduct in terminating Ms. Garza's employment, Ms. Garza has sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

**COUNT I – EMPLOYMENT DISCRIMINATION**
**(42 U.S.C.A. § 2000e-2(a))**
**(Plaintiff v. Defendants)**

34. Plaintiff incorporates paragraphs 1-33 as if fully set forth at length herein.

35. Defendants took adverse action against Plaintiff by terminating her employment.

36. Plaintiff's status as a pregnant and childbearing woman places her in a protected class.

37. Plaintiff's membership in a protected class was a motivating factor in Defendants' decisions to terminate her employment.

38. As such, Defendants' decisions to terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

39. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

40. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

41. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys' fees and court costs.

## COUNT II – RETALIATION
### (42 U.S.C.A. § 2000e-3(a))
### (Plaintiff v. Defendant Randstad)

42. Plaintiff incorporates paragraph 1-41 as if fully set forth at length herein.

43. At set forth above, Plaintiff complained about discrimination by Defendant NOSCO and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

44. Defendant Randstad took adverse action against Plaintiff by terminating her employment.

45. As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant Randstad's decision to terminate her employment.

46. As such, Defendant Randstad's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

47. As a proximate result of Defendant Randstad's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

48. As a result of the conduct of Defendant Randstad, Plaintiff hereby demands punitive damages.

49. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), et seq., Plaintiff demands attorneys' fees and court costs.

### COUNT III—PREGNANCY DISCRIMINATION ACT
### (42 U.S.C.A. § 2000(e)(k) et seq)
### (Plaintiff v. Defendants)

50. Plaintiff incorporates paragraphs 1-49 as if fully set forth at length herein.

51. At all times material hereto, and pursuant to the Pregnancy Discrimination Act an employer may not discriminate against an employee on the basis of pregnancy, childbirth or other medical conditions.

52. At all times material hereto, Plaintiff was pregnant and subject to the aforementioned adverse actions, as described above.

53. Defendants' conduct in terminating and Plaintiff's employment is an adverse action, and was taken as a result of her pregnancy and, as such, constitutes a violation of the Pregnancy Discrimination Act, 42 U.S.C. §2000(e)(k), et seq.

54. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

55. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

56.  Pursuant to the Pregnancy Discrimination Act, Plaintiff demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Vivian Garza, seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.  Punitive damages;

C.  Attorneys' fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.


**LAW OFFICES OF ERIC A. SHORE, P.C.**


BY:_____
**ROBERT H. GRAFF, ESQUIRE** (PA I.D. 206233)
600 N. Jackson Street, Suite 201
Media, PA 19063
Ph: 267-546-0138
Fx: 215-944-6124
*Attorney for Plaintiff, Vivian Garza*

Date: 05/06/2021

# EXHIBIT "A"

EEOC Form 161 (11/2020)      **U.S. E**QUAL **E**MPLOYMENT **O**PPORTUNITY **C**OMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Vivian Garza<br>205 Summit Trace Rd.<br>Langhorne, PA 19047 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is* **CONFIDENTIAL** *(29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-04383 | Legal Unit,<br>Legal Technician | (267) 589-9700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*             February 25, 2021

Enclosures(s)      Jamie R. Williamson,<br>District Director      *(Date Issued)*

cc:
Lisa Thompson
Director of People Operations
NOSCO, INC.
651 S. Martin Luther King Jr. Avenue
Waukegan, IL 60085

Lemieux-Fillery, Esq, Mary
Two Penn Center, Suite 1240
1500 Jfk Boulevard
Philadelphia, PA 19102

EEOC Form 161 (11/2020)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Vivian Garza<br>205 Summit Trace Rd.<br>Langhorne, PA 19047 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-04410 | Legal Unit,<br>Legal Technician | (267) 589-9700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐    The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson*             February 25, 2021

Enclosures(s)      **Jamie R. Williamson,**<br>**District Director**      *(Date Issued)*

cc:
Allison Richardson, Esq.
Senior Counsel
RANDSTAD US
One Overton Park
3625 Cumberland Boulevard, Suite 600
Atlanta, GA 30339

Lemieux-Fillery, Esq, Mary
TWO PENN CENTER, SUITE 1240
1500 JFK BOULEVARD
Philadelphia, PA 19102